## I. N. HALL v. LA SALLE COUNTY ET AL.
### No. 684.

**Public Road—Unauthorized Change—Injunction Against County.**

The County Commissioners' Court under a valid order established and opened up a public road over appellant's land, and he thereupon fenced across a part of the old roadway, from which such order had changed the road, and which had never been established as a public road. Afterwards the court rescinded its said order without notice to appellant, and directed the road overseer to cut appellant's fence and open up the old road. Held, that appellant was entitled to an injunction restraining such proceeding.

APPEAL from La Salle. Tried below before Hon. M. F. LOWE.

*James Raley,* for appellant.

*W. J. Bowen,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the appellees, La Salle County, and Ab. Rowland as road overseer for precinct No. 2 of said county, to enjoin them from opening and tearing down appellant's fence.

A preliminary writ was issued on the fiat of the district judge, which, upon final hearing, was dissolved.

This appeal is from the judgment dissolving the injunction.

*Conclusions of fact.* —1. The appellant is the owner of section No. 84 of I. & G. N. R. R. 640-acre survey, which he purchased in September, 1889, from Mrs. Ida E. Foster.

2. For about ten years prior to January 15, 1894, the traveled road from Cotulla to Pearsall passed through this survey along the right of way of the I. & G. N. Railroad.

3. No steps, however, had been taken by La Salle County to condemn the land, nor purchase the right of way for a public road over it until the 16th day of July, 1886, when it endeavored, through its Commissioners Court, to acquire such right in pursuance of the statutes in such cases provided. A compliance with the law in such proceedings is not shown by the record. However, it is unnecessary for us to in-

dicate wherein the proceedings as disclosed by the record fail in their sufficiency to vest such right in the county, as our conclusions of law will be based on other findings.

4. In 1889, the Commissioners Court appointed a jury of view to lay out a public road along the I. & G. N. Railroad, from Cotulla to the Frio County line. The jury of view made their report, in which they awarded the appellant $340 damages for the right of way of said road over his said land, and which report was in part adopted by the court on the 11th of February, 1890, but neither the part adopted nor rejected appears from the record.

5. Again, on the 14th day of February, 1893, the Commissioners Court appointed a jury of view to mark and lay out a first class public road, leading from Cotulla to the Frio County line, along the I. & G. N. Railroad. The report of this jury was, like the other, approved in part and in part rejected. Of the part rejected was the damages awarded to appellant.

6. On the 15th day of September, 1893, the Commissioners Court appointed a jury of view "to assess the damages of citizens owning land on the road leading from Cotulla to Frio County line." This jury allowed appellant $340, as shown by their report. The Commissioners Court rejected this allowance, and offered him $50, which he refused to accept.

7. On January 15, 1894, by an order of the Commissioners Court, the road was changed so as to run around the land owned by appellant on the west side of the railroad, so as not to diverge more than one-quarter of a mile from the route as it was at the time the order was made, and he was allowed by the county $88.50 for the right of way, and for cutting out the part of the road so changed sixty feet wide.

8. After appellant cut out the road as changed by the last order of the Commissioners Court, he fenced across the old road.

9. On June 18, 1894, the Commissioners Court rescinded its order mentioned in our seventh conclusion. This order of rescission seems to have been made without notice to appellant.

10. Then Ab. Rowland, the road overseer, by an order of the county judge, tore down appellant's fence across the old road and opened again the road for travel. Whereupon appellant rebuilt his fence and sued out the writ of injunction in this case.

From the foregoing conclusions we deduce conclusion:

11. The repeated actions of the County Commissioners Court, shown from the above conclusions, in endeavoring to condemn appellant's land for a public road, show conclusively that the county did not claim a right of way for a road over it by prescription; but that up to the 15th of September, 1893, it recognized the fact that the county had never legally acquired the right of a roadway over his land.

*Conclusions of law.* —It appearing, from the actions of the County Commissioners Court, that it never acquired a right of way over that

part of the land on which the old road ran, and across which appellant had built his fence, and that it had by a valid order, accepted by appellant, acquired a right of way over another part of his land, it was wrong for the court, without notice to appellant, to rescind said order, and for the overseer to tear down his fence and open up the old road. Therefore the court below erred in dissolving the injunction; for which error its judgment is reversed, and judgment is here rendered in favor of appellant against the appellees perpetuating said injunction.

*Reversed and rendered.*

Delivered October 9, 1895.

Writ of error refused.